UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0500-B-1 |
| | § | |
| NANCY PINEDA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nancy Pineda's Motion for Compassionate Release (Doc. 206). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Pineda pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, the Court sentenced her to ninety months of imprisonment and three years of supervised release. Doc. 153, J., 1–3. Pineda, who is now thirty-one years old, is serving her sentence at Carswell Federal Medical Center. Her scheduled release date is April 15, 2022.[1]

On December 15, 2020, Pineda filed a motion seeking compassionate release "[u]nder compelling and extraordinary reasons due to the C[OVID]-19 pandemic." Doc. 206, Def.'s Mot., 1. The motion is ripe for review.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, the Court denies Pineda's request for compassionate release because Pineda has not provided proof of exhaustion and has not shown extraordinary and compelling reasons for her release.

A.  *Pineda Has Not Demonstrated Proof of Exhaustion.*

The Court denies Pineda's request for compassionate release because she has not proven that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

§ 3582(c)(1)(A).[2]

In her motion, Pineda claims that she "ha[s] sought and requested relief through the warden[']s office but [the warden] ha[s] not responded[.]" Doc. 206, Def.'s Mot., 1. However, Pineda does not provide any proof showing that she made such a request, when she made it, or whether the warden actually received it. *See generally id.* In the absence of evidence that Pineda's request for compassionate release was made or ever reached the warden, Pineda has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *See* § 3582(c)(1)(A) (allowing the defendant to bring a motion on his own behalf after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility");] *United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding exhaustion requirement not met where defendant provided copy of letter purportedly sent to warden but did not provide proof warden received letter). Thus, the Court **DENIES** her motion **WITHOUT PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.

B.  *Irrespective of Exhaustion, Pineda Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Pineda exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances

---

[2] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n. 1.[3] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 US Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court does the same here and concludes that Pineda has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

Pineda claims that the Court should grant her motion because her "63 year old mother has been diagnosed positive for [COVID-19] and she is currently the caretaker of [Pineda's] 8 year old son who has also tested positive[.]" Doc. 206, Def.'s Mot., 1. Pineda claims that due to her mother's diagnosis, her mother "is no longer able to care for [Pineda's son] adequately[.]" *Id.* However, Pineda provides no proof or additional information regarding this argument. For example, Pineda does not explain why her mother cannot continue to provide adequate care for her son, nor does she state

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n. 1.

when her mother and son were diagnosed, what conditions they are in, or whether they are still infected. *See generally id.* Additionally, Pineda does not explain why another guardian could not provide care for her son while Pineda remains incarcerated. *See generally id.* Based on the lack of relevant information in her motion, the Court finds that Pineda has failed to show extraordinary and compelling reasons warranting her release.

Because Pineda failed to exhaust her administrative remedies and has not demonstrated extraordinary and compelling reasons for release, her motion for compassionate release is **DENIED WITHOUT PREJUDICE**. The Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the factors of § 3553. § 3582(c)(1)(A). Due to Pineda's failure to exhaust her administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

## IV.

## CONCLUSION

Pineda's request for compassionate release under § 3582(c)(1)(A) fails because she has not proven exhaustion of her administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Pineda's motion (Doc. 206) **WITHOUT PREJUDICE**.

By denying Pineda's motion without prejudice, the Court permits Pineda to file a subsequent motion for compassionate release in the event she can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release. Finally, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A).

SO ORDERED.

SIGNED: December 30, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE